## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tanner McCormack and Tyler McCormack, | Civil No. 07-2651 (DWF/JJK) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| City of Minneapolis, Minnesota; Dale Burns, in his individual and official capacities; Jeremiah T. Kocher, in his individual and official capacities; James G. Lynch, in his individual and official capacities; Harvey Blumenthal, in his individual capacity; Mark Hilliard, in his individual capacity; Block e/McCaffery Interests/LLC, a foreign corporation; McCaffery Interests, Inc., a foreign corporation; Warehouse Business District Association, Inc.; Securitas Security Services, Incorporated, a foreign corporation; and John Does 1-5, | |
| Defendants. | |

_____

Jill Clark, Esq., Jill Clark P.A., counsel for Plaintiff.

C. Lynne Fundingsland and Gregory P. Sautter, Assistant City Attorneys, Office of the Minneapolis City Attorney, counsel for Defendants City of Minneapolis, Minnesota; Dale Burns; Jeremiah T. Kocher; and James G. Lynch.

Reid R. Lindquist, Esq., Lommen, Abdo, Cole, King & Stageberg, PA, counsel for Defendants Harvey Blumenthal, Mark Hilliard, and Securitas Services, Incorporated.

Karna A. Berg, Esq., and Katie M. Connolly, Esq., Nilan Johnson Lewis PA, counsel for Defendants Block e/McCaffery Interests/LLC and McCaffery Interests, Inc.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendants Block e/McCaffery Interests/LLC and McCaffery Interests, Inc. (the "McCaffery Defendants"). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiffs Tanner and Tyler McCormack are residents of the State of Iowa who were in the City of Minneapolis, Minnesota on May 12-13, 2007. (Third Am. Compl. ¶¶ 1-2.) Defendants Jeremiah Kocher and James Lynch are Minneapolis Police Officers who were working off duty as private security guards for the McCaffery Defendants during the times relevant to this action. (*Id.* ¶¶ 3-4.) Defendants Harvey Blumenthal and Mark Hilliard are employees for Defendant Securitas Security Services, Incorporated ("Securitas"). (*Id.* ¶¶ 5A-5B.) Securitas trains and employs security officers to place in private companies, including the McCaffery Defendants. (*Id.*) Defendant Dale Burns is a sergeant with the Minneapolis Police Department and was on duty during the incident at issue in this action. (*Id.* ¶ 6.)

The Third Amended Complaint alleges that a complex relationship exists between the public police, private security guards, the corporate defendants, and the City and that the various defendants "may be jointly or severally liable for acts of individuals under its/their employ (or otherwise acting as agents), under the principles of *respondeat superior*, as a joint action with state actor(s), or as a state actor (based on privatization of public functions), or acting in concert or similar." (*Id.* ¶ 10-11.)

On or about May 12, 2007, the McCormack brothers entered the Block e Hooters bar to join a group of friends and acquaintances for a bachelor party. (*Id.* ¶ 15.) Shortly after the McCormack brothers entered Hooters, Tanner McCormack was told that he would not be served. (*Id.*) A confrontation ensued that spilled out into the second floor of Block e. (*Id.* ¶¶ 15-16.) Tanner McCormack alleges that after several interactions he was attacked from behind by Lynch. (*Id.* ¶ 16.) Tanner McCormack alleges that, not having seen who attacked him, he turned around and began defending himself. (*Id.*) Lynch responded, allegedly using offensive moves, including choking Tanner McCormack. (*Id.*) Tyler McCormack, who feared for his brother's safety and attempted to intervene to de-escalate the situation, was also punched by Lynch. (*Id.* ¶ 17.)

Lynch took Tanner McCormack to the ground and cuffed him. (*Id.* ¶ 18.) Kocher arrived and then punched and fell on top of the cuffed Tanner McCormack. (*Id.*) Kocher also allegedly ordered Blumenthal and Hilliard to hold back Tyler McCormack. (*Id.* ¶ 19.) Blumenthal and Hilliard grabbed Tyler McCormack, took him to the ground, maced him, and cuffed him. (*Id.*)

The McCormacks allege that they were then taken to a "private jail" in the basement of Block e, where they were denied medical care and first aid. (*Id.* ¶21.) Tyler McCormack emerged from the elevator in the basement with a bloody mouth, and Tanner McCormack suffered a broken collarbone at some point. (*Id.* ¶¶ 19-20.) Tanner McCormack, still handcuffed, was allegedly assaulted and battered in the loading dock bay area by Hilliard. (*Id.* ¶ 23.) The Complaint also alleges that unidentified individuals

3

struck Tanner McCormack while he was lying face down, grabbed his hair, pushed his face into the ground, and kicked him in the head. (*Id.*) The McCormack brothers were eventually taken to Hennepin County Adult Detention Center, but the Detention Center refused to accept responsibility for Tanner McCormack, who was then taken to the hospital. (*Id.* ¶ 29.)

The Complaint in this matter was filed on June 7, 2007, and asserted claims under 42 U.S.C. § 1983 for false arrest, excessive force, and retaliation as well as state-law claims for assault and battery.[1] All claims were asserted against all Defendants. A criminal complaint was filed against Tanner McCormack on June 12, 2007, charging Tanner McCormack with fourth degree felony assault against a peace officer. (Doc. No. 6 (Aff. of C. Lynne Fundingsland ("Fundingsland Aff.")) ¶ 9, Ex. C.) A criminal complaint was also filed against Tyler McCormack with the same charge. (*Id.* ¶ 11, Ex. E.) On October 2, 2007, the Court entered an Order that stayed the civil action pending the outcome of the state criminal case. (Doc. No. 34.) The criminal case was tried in January 2008 and ended in a hung jury. The criminal case was reset for trial for February 14, 2010. Tanner McCormack then entered a guilty plea to fourth degree assault gross misdemeanor and the criminal charges against Tyler McCormack were dismissed. On March 14, 2011, the Court entered an Order lifting the stay in this action,

---

[1] The Third Amended Complaint, which is the currently operative complaint, differentiates between the various defendants as to the Section 1983 claims and also adds a claim for violation of due process against the McCaffrey Defendants.

and the McCaffrey Defendants' motion to dismiss followed.

The McCaffrey Defendants contend that the only claim asserted under federal law is a violation of 42 U.S.C. § 1983, which requires the defendant to be a state actor. The McCaffery Defendants assert that they were not state actors on May 12, 2007 and that therefore the Section 1983 claim against them fails for lack of subject matter jurisdiction. The McCaffery Defendants assert that because no viable basis for federal jurisdiction exists, the state law assault and battery claims against them should also be dismissed. The McCormack brothers oppose the motion. Defendants City of Minneapolis, Minnesota, Dale Burns, Jeremiah Kocher, and James Lynch (the "City Defendants") also oppose the McCaffrey Defendants' motion.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) is the proper vehicle by which to seek dismissal of a claim for lack of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction may challenge a plaintiff's complaint either on its face or on the factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). When a defendant brings a facial challenge—a challenge that, even if truthful, the facts alleged in a claim are insufficient to establish jurisdiction—a court reviews the pleadings alone, and the non-moving party receives the same protections as it would defending against a motion brought pursuant to Rule 12(b)(6). *Id*. In a factual challenge to jurisdiction, the court

may consider matters outside the pleadings and the non-moving party does not benefit from the safeguards of Rule12(b)(6). *Id.*

## II.    42 U.S.C. § 1983

Section 1983 creates a cause of action for the deprivation of a federally protected right under color of state law. 42 U.S.C. § 1983. The under-color-of-state-law element excludes merely private conduct from the reach of Section 1983 and requires that the alleged deprivation resulted from the exercise of a right or privilege having its source in state authority by a party appropriately characterized as a state actor. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). A private party may be characterized as a state actor where the state has delegated to the private party a power traditionally exclusively reserved to the state, where the private party willfully participates in joint activity with the state or its agents, or where pervasive entwinement exists between the private entity and the state. *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007).

The McCaffery Defendants assert that none of the circumstances in which a private party is subject to liability under Section 1983 exist here. The McCaffery Defendants contend that Lynch and Kocher were acting as Minneapolis police officers at all times relevant to this matter, that the McCormack brothers provide no facts demonstrating any joint action between the McCaffery Defendants and the City, and that the McCormack brothers' claim that the McCaffery Defendants were a state actor based on the privatization of a public function is wrong.

The McCormack brothers assert that the McCaffery Defendants' motion is premature. The McCormack brothers argue that the motion does not really raise a jurisdictional issue but instead challenges the merits of the Section 1983 claim. They assert that when jurisdictional issues are inextricably intertwined with the merits, courts should assume jurisdiction in order to decide the merits of the case. The McCormack brothers argue that under those circumstances, a Rule 12(b)(1) motion to dismiss should be treated as a summary judgment motion and any material factual disputes should be decided at trial.

The City Defendants also oppose the McCaffery Defendants' motion to dismiss. The City Defendants assert that the factual challenge to subject matter jurisdiction is premature absent formalized discovery or an evidentiary hearing. The City Defendants assert that the McCormack brothers have alleged several different theories to establish that the McCaffery Defendants acted under color of state law and that a detailed factual investigation and presentation of evidence is necessary to resolve the issue. The City Defendants argue that a summary judgment standard applies because the jurisdictional issues depends on the resolution of factual issues going to the merits of the case.

The Court concludes that it would be premature to dismiss the Section 1983 claim against the McCaffery Defendants at this time. The Eighth Circuit has held that state action may be present when private security guards and police officers act in concert to deprive a plaintiff of their civil rights. *See Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 559 (8th Cir. 1989) (citing *El Fundi v. Deroche*, 625 F.2d 195, 196 (8th Cir. 1980). The

McCaffery Defendants attempt to distinguish *Murray*, arguing that in that case the joint action was found primarily because the police arrested and charged the plaintiff without conducting any independent investigation.  The McCaffery Defendants instead rely on *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743 (5th Cir. 2001), in which the Fifth Circuit distinguished *Murray* and upheld the granting of summary judgment denying a Section 1983 claim where a police officer conducts an independent investigation.  *See id.* at 751 n.6.

While the McCaffery Defendants' argument may ultimately prevail, the Court need not determine at this time whether the circumstances in this action more closely resemble the facts supporting the decision in *Murray* or the facts that the Fifth Circuit relied upon in *Morris*.  As the Eighth Circuit has stated, the "ultimate conclusion must turn on the particular facts of the case, since 'only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance.'"  *Wickersham*, 481 F.3d at 597 (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961)).

Formal discovery has not yet begun in this matter and the record is not sufficiently developed to permit the Court to engage in the required sifting of facts and weighing of circumstances.  At a minimum, it is undisputed that Lynch and Kocher were employed by the McCaffery Defendants on the night the events at issue took place.  The McCaffery Defendants nevertheless argue that Lynch and Kocher were acting as Minneapolis police officers at all times relevant to this matter.  Under these circumstances and given the very

early stage of the proceedings in this matter, the Court cannot conclude that the McCaffery Defendants, through their employees Lynch and Kocher, were not acting under color of state law. The Court thus concludes, based on the limited record before it at this time, that federal subject matter jurisdiction exists as to the McCormack brothers' Section 1983 claim against the McCaffery Defendants.

**III. Assault and Battery**

The McCaffery Defendants assert that the Court does not have supplemental jurisdiction over the state-law claims for assault and battery. The McCaffery Defendants' argument is based on their assertion that the Court lacks original jurisdiction over the Section 1983 claim. Because the Court has concluded that it does have original jurisdiction, based on the current limited record at this time, the Court will exercise supplemental jurisdiction over the state-law claims.

## CONCLUSION

Accordingly, based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The McCaffery Defendants' Motion to Dismiss Pursuant to Rule 12 (Doc. No. [38] & Doc. No. [59]) is **DENIED**.

Dated: July 18, 2011            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge